| | |
|---|---|
| USAA INVESTMENT MANAGEMENT COMPANY, USAA FEDERAL SAVINGS BANK, and USAA TRANSFER AGENCY COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HAROLD W. HODGES, REBECCA S. KETNER, KIMBERLY D. JOHNSON, and THE ESTATE OF DARLENE L. HODGES,<br><br>Defendants. | No. 1:18-cv-00605-DAD-EPG<br><br><u>ORDER TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION</u> |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiffs filed this rule interpleader action on May 1, 2018, alleging jurisdiction on the basis of diversity. An interpleader action brought under Rule 22 of the Federal Rules of Civil Procedure must establish a basis for jurisdiction through some federal statute, as the rule does not itself provide for jurisdiction. *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000) ("Rule 22 interpleader is only a procedural device, however—the rule does not convey jurisdiction on the courts."); *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084, 1090 (D. Haw. 2007) ("Subject matter jurisdiction in interpleader actions brought under Rule 22 ('rule interpleader') must be based on the general jurisdiction statutes applicable to civil actions in federal court."). Here, jurisdiction is alleged on the basis of diversity under 28 U.S.C.

1

§ 1332(a)(1). (Doc. No. 1 at ¶ 31.) In a rule interpleader action brought under the federal court's diversity jurisdiction, "there must be diversity between the stakeholder on one hand and the claimants on the other." *Lee v. West Coast Life Ins. Co.*, 688 F.3d 1004, 1007 n.1 (9th Cir. 2012) (quoting *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 n.1 (9th Cir. 1982)).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). Corporations are citizens of their state of incorporation and the state in which their principal place of business—frequently called the "nerve center" and usually the corporate headquarters—is located. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 81, 85–86 (2010). For diversity purposes, federally chartered banking associations citizens of the state "in which its main office, as set forth in its articles of incorporation, is located." *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

In this matter, plaintiffs allege that USAA Investment Management Company is "a Delaware corporation duly authorized to do business in California." (Doc. No. 1 at ¶ 22.) Meanwhile, USAA Federal Savings Bank is alleged to be a "federally chartered savings association, with its principal place of business in Texas, duly authorized to do business in California." (*Id.* at ¶ 23.) Finally, USAA Transfer Agency is alleged to be "a Delaware corporation duly authorized to do business in California." (*Id.* at ¶ 24.) Each of the defendants is alleged to be a citizen of California. (*Id.* at ¶¶ 25–29.)

The allegations of the complaint are inadequate to establish the citizenship of each of the plaintiffs. The court construes the allegation concerning USAA Federal Savings Bank's principal place of business to be an allegation that this entity is a citizen of Texas for purposes of diversity jurisdiction. *See Wachovia Bank*, 546 U.S. at 307. However, while both USAA Investment Management Company and USAA Transfer Agency are clearly alleged to be incorporated in, and

thus citizens of, Delaware, the complaint does not identify the principal place of business for either of these two entities.  Plaintiffs are therefore ordered to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction.  Plaintiffs may discharge this order to show cause by indicating the full citizenship of each of the plaintiffs, including the state in which their principal places of business are located.

IT IS SO ORDERED.

Dated:   **May 7, 2018**

UNITED STATES DISTRICT JUDGE