UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USAA INVESTMENT MANAGEMENT COMPANY, a Delaware Corporation; USAA FEDERAL SAVINGS BANK, a federally-chartered savings association; and USAA TRANSFER AGENCY COMPANY d/b/a USAA SHAREHOLDER ACCOUNT SERVICES, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HAROLD W. HODGES; REBECCA S. KETNER; KIMBERLY D. JOHNSON; ESTATE OF DARLENE L. HODGES; and DOES 1 through 5, inclusive,<br><br>Defendants. | No. 1:18-cv-00605-DAD-EPG<br><br><br>ORDER ADOPTING THE STIPULATION OF THE PARTIES AND DISMISSING CASE<br><br>(Doc. No. 33) |

This matter is before the court on the parties' stipulation entitled, Parties' Stipulation re: Division of Accounts and Reimbursement of Plaintiffs' Fees & Costs, wherein the parties outline their settlement to resolve the competing claims to accounts registered to the name of decedent Darlene L. Hodges. (Doc. No. 33.) The stipulation also seeks reimbursement of plaintiffs' attorney fees and costs along with dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (*Id.*)

/////

1      Plaintiffs USAA Investment Management Company, USAA Federal Savings Bank, and
2 USAA Transfer Agency Company d/b/a USAA Shareholder Account Services commenced this
3 action on May 1, 2018 regarding three accounts: a Contributory Traditional Individual Retirement
4 Account ("IRA"), a Roth IRA, and a brokerage account (collectively, "Accounts") registered to
5 the name of decedent Darlene L. Hodges ("Decedent") at the time of decedent's death on
6 February 13, 2018.  (Doc. No. 1.)  Defendants Harold W. Hodges ("Hodges"), Rebecca S. Ketner
7 ("Ketner"), Kimberly D. Johnson ("Johnson"), and the Estate of Darlene L. Hodges ("Estate")
8 asserted competing claims as to the disposition of the Accounts until early February 2021 when
9 the parties reached this settlement.  (Doc. No. 33 at 2.)

10      On August 22, 2018, the court stayed the instant case while the parties attempted to work
11 out several issues related to the accounts and the probate proceedings pending in state court.[1]
12 (Doc. No. 24.)  On June 19, 2020, pursuant to a stipulation by the parties and the court's order
13 (Doc. No. 29), the Accounts were transferred to the custody of Charles Schwab & Co., Inc.
14 ("Schwab"), with Decedent maintained as the registered owner of the Accounts until defendants'
15 competing claims to the Accounts were resolved.  On February 1, 2021, the parties resolved their
16 competing claims to the Accounts through a stipulation for settlement, which was submitted to
17 the court on April 5, 2021 as exhibit A.  (Doc. Nos. 33, 35, 35-1.)

18 /////
19 /////
20 /////
21 /////
22 /////
23 /////
24 /////
25 /////
26 /////
27

28 [1] The stay was later extended until April 27, 2021.  (Doc. Nos. 29, 32).

    Having reviewed the parties' stipulation, and for good cause shown, the court will give force to the stipulation, Parties' Stipulation re: Division of Accounts[2] and Reimbursement of Plaintiffs' Fees & Costs ("Stipulation"), award the requested attorneys' fees and costs to plaintiffs' counsel, and dismiss this action pursuant to the parties' stipulation:

The Accounts are to be divided as follows:

- Contributory IRA (Schwab account number ending -7857):
    - 50% to defendant Rebecca Ketner (to be transferred in-kind to the existing Schwab account ending -6667); 50% to Kimberly Johnson (to be transferred in-kind to the existing Schwab account ending -4020);
- Roth IRA (Schwab account number ending -0460):
    - 50% to defendant Rebecca Ketner (to be transferred in-kind to the existing Schwab account ending -9050); 50% to Kimberly Johnson (to be transferred in-kind to the existing Schwab account ending -3686);
- Brokerage Account (Schwab account number ending -7212):
    - To be closed.

    The stipulation also provided that Schwab is to accept and effectuate the agreed-upon division of the Accounts consistent with the parties' Stipulation and this Order; and that plaintiffs, Schwab, as well as plaintiffs' and Schwab's affiliated entities, parent entities, sister entities, employees, officers, directors, employees, representatives, and attorneys, are hereby released and discharged from any matter or claim whatsoever arising from or relating to the Accounts, including but not limited to their acceptance of defendants' joint instructions as to the disposition of the Accounts, action on the resolution of defendants' competing claims, and effectuating the parties' Stipulation and this Order.

/////

---

[2] The "Accounts," presently in the custody of Charles Schwab & Co., Inc. ("Schwab") and registered to Decedent Darlene L. Hodges, are identified in the parties' Stipulation as follows:
- Contributory IRA – Schwab account number ending -7857;
- Roth IRA – Schwab account number ending -0460; and
- Brokerage Account – Schwab account number ending -7212.

Pursuant to the parties' stipulation defendants Harold W. Hodges, Rebecca Ketner, and Kimberly Johnson shall reimburse plaintiffs for plaintiffs' reasonable attorneys' fees and costs in the total amount of $12,300 payable to "DKM Law Group, LLP Client Trust Account" as follows:

- $6,150 to be satisfied and paid by defendant Harold W. Hodges;
- $3,075 to be satisfied and paid by defendant Rebecca Ketner; and
- $3,075 to be satisfied and paid by defendant Kimberly Johnson.[3]

Defendants shall fully cooperate with plaintiffs, Schwab, and/or their counsel in completing and providing any account documentation and further instructions to effectuate the agreed-upon division of the Accounts.

Additionally, at the parties' request, the court will retain jurisdiction to enforce the terms of the settlement agreement as stated in the parties' stipulation.

Accordingly, pursuant to the parties' stipulation:

1. The parties' stipulation (Doc. No. 33) is granted; and plaintiffs' claims in this action are dismissed with prejudice as outlined in the parties' stipulation;
2. The court retains jurisdiction to enforce the terms of the settlement pursuant to the stipulation; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 9, 2021**

UNITED STATES DISTRICT JUDGE

---

[3] The stipulation also provided that these payments shall be made directly by defendants Harold W. Hodges, Rebecca Ketner, and Kimberly Johnson respectively and sent to plaintiffs' counsel and shall not be made by, paid by, or are the responsibility of Schwab.